IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT LEE VERGE,

Petitioner,

v.                                                        CASE NO. 23-3200-JWL

TOMMY WILLIAMS,

Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254

by Petitioner and state prisoner Robert Lee Verge, who is incarcerated at El Dorado Correctional

Facility in El Dorado, Kansas. The Court has conducted an initial review of the Petition as required

by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the

reasons explained below, the Court will dismiss this matter for lack of jurisdiction.

Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. A

review of the petition in this matter reflects that Petitioner is serving a prison sentence for his 1998

state-court convictions of capital murder and other crimes. (Doc. 1, p. 1); *see also State v. Verge*,

316 Kan. 554, 554 (2022). In his current petition for federal habeas relief, Petitioner challenges

these convictions. (Doc. 1, p. 1.)

The Court's own records show that Petitioner has already filed a § 2254 action in this

district challenging these convictions: *Verge v. McKune*, Case No. 06-3148-SAC. The petition in

that matter was filed on May 23, 2006, and on August 2, 2006, this Court granted the respondents'

1

motion to dismiss and dismissed the case as untimely filed. *See Verge v. McKune*, 2006 WL 2224792 (D. Kan. Aug. 2, 2006) (unpublished).

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained authorization from the Tenth Circuit to file the current petition.

When a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit for possible authorization to proceed on a second or successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id.*

First, because Petitioner's prior federal habeas proceeding was dismissed as time-barred, it is likely that any claims in the present petition would also be time-barred. Petitioner asserts in his current petition that the one-year statute of limitations for filing this petition does not expire until October 28, 2023. (Doc. 1, p. 13.) It appears that Petitioner is calculating the one-year limitations period from the date on which the Kansas Supreme Court denied Petitioner's latest motion to correct and set aside his sentence. *See State v. Verge*, 316 Kan. 554 (Kan. 2022). That calculation is understandable in light of the letter Petitioner received from his state-court counsel. (Doc. 1-2, p. 5.) But the timeliness of a petition for federal habeas relief under 28 U.S.C. § 2254

2

is not calculated by adding one year to the date on which the state appellate courts issued the final order in any action related to the convictions at issue.

Rather, as explained in Petitioner's prior federal habeas action, § 2254 petitions are subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). *See Verge*, 2006 WL 2224792, at *1. Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Thus, there are four dates that may trigger the beginning of the one-year federal habeas limitation period. Generally, courts apply § 2244(d)(A), under which the one-year limitation period runs from the day after the conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." *See Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011). "Direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). This Court's 2006 timeliness analysis was based on this starting date, and

that analysis remains sound. *See Verge*, 2006 WL 224792, at *1-2 (holding that the limitation period expired on April 9, 2006).

Simply put, there is no provision in the AEDPA that allows the one-year limitation period to restart each time a state court issues a final order in an action related to the conviction at issue. *See, e.g.*, *Dawson v. Schnurr*, 2021 WL 5918891, *3 (D. Kan. Dec. 15, 2021) (unpublished) ("If the one-year federal habeas limitations period ran from the date the [Kansas Supreme Court] denied review of any issue now raised in the present federal habeas action, this matter would be timely. But that is not how the time period is calculated."). Thus, any § 2254 challenges to Petitioner's 1998 convictions would likely be untimely at this point.

Second, even liberally construing the petition, as is appropriate since Petitioner is proceeding pro se, Petitioner's claims are unlikely to have merit. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (holding that courts must liberally construe pro se pleadings and hold them to "'less stringent standards than formal pleadings drafted by lawyers'"). Petitioner's eleven asserted grounds for relief are convoluted and the Court sees no need to restate them here. The Court has carefully reviewed the more than 260 pages Petitioner filed to initiate this action and concludes that the claims therein are unlikely to have merit.

Thus, even though there is no indication that Petitioner did not file this petition in good faith, the Court concludes that it would not serve the interest of justice to transfer this successive § 2254 petition to the Tenth Circuit for possible authorization. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition. Because the Court dismisses this matter for lack of jurisdiction, Petitioner need not comply with the notice of deficiency issued on August 22, 2023 (Doc. 3).

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District

Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters

a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without
> reaching the prisoner's underlying constitutional claim, a COA should issue when
> the prisoner shows, at least, that jurists of reason would find it debatable whether
> the petition states a valid claim of the denial of a constitutional right and that jurists
> of reason would find it debatable whether the district court was correct in its
> procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial

of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to

debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.


**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an

unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks

jurisdiction to consider. Petitioner is no longer required to comply with the notice of deficiency.

(Doc. 3.) No certificate of appealability will issue.


**IT IS SO ORDERED.**

DATED:   This 25th day of August, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge